UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 24-81132-MC-Damian/Matthewman

DYNATEMP INTERNATIONAL, INC., *et al.*,

       Plaintiffs,

vs.

R421A LLC, *et al.*,

       Defendants.

_____/

## ORDER TRANSFERRING DEFENDANTS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND THINGS IN COMPLIANCE WITH THE THIRD-PARTY SUBPOENA TO HAROLD B. KIVLAN, III [DE 1] TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

       **THIS CAUSE** is before the Court upon Defendants R421A LLC, RMS of Georgia, LLC, and Kenneth Ponder's ("Defendants") Motion and Memorandum of Law in Support of Defendants' Motion to Compel the Production of Documents and Things in Compliance with Third-Party Subpoena to Harold B. Kivlan, III ("Motion") [DE 1]. This matter was referred to the Undersigned United States Magistrate Judge by the Honorable Melissa Damian, United States District Judge. [DE 3]. Non-Party Harold B. Kivlan, III ("Mr. Kivlan"), has filed a response [DE 12], and Defendants have filed a reply [DE 13]. Additionally, the parties have filed a Joint Status Report [DE 22], as required. The Court held a hearing via Zoom VTC on the Motion on November 6, 2024, and heard argument from the parties. After the hearing, the parties submitted a Joint Status Report [DE 25], as ordered by the Court. *See* DE 24. The matter is now ripe for review.

1

In the Joint Status Report, Mr. Kivlan and Dynatemp International, Inc.—one of the plaintiffs in the underlying Eastern District of North Carolina action[1]—argue, in relevant part, that "a transfer to the Eastern District of North Carolina would allow the Court with the most familiarity with discovery in this matter and with the parties' claims and defenses to consider the scope of the parties' email protocol in the first instance and to supervise any further proceedings related to whether the protocol should be revised." [DE 25 at 4]. They further assert that, "[t]his is particularly appropriate because Dynatemp has confirmed that it will produce, on behalf of Kivlan, any required documents from Kivlan's Dynatemp email account." *Id.*

Defendants, on the other hand, argue that "there is little compelling reason to transfer RMS's Motion, particularly since the parties' email search protocol agreement in the EDNC case was a private agreement between litigants that (as correctly noted by this Court during its November 6 hearing) was not issued or approved by the EDNC Court." [DE 25 at 6]. Thus, according to Defendants, "[t]hat Court is therefore no more competent or better situated than this Court to determine whether responsive Kivlan emails are within Kivlan's custody or control, and therefore responsive to the Kivlan subpoena, or whether they are exclusively within Dynatemp's custody and control, and therefore subject to the EDNC email search protocol." *Id.* at 6–7. They further contend that "transferring RMS's Motion to the EDNC would only result in further cost and delay in a case that has already dragged on for more than four years." *Id.* at 7.

## ANALYSIS

The Court has carefully considered the relevant law, the Motion, response, reply, Joint

---

[1] *Dynatemp Int'l, Inc., et al., v. R421A LLC, et al.*, Case No. 5:20-CV-142-FL.

Status Report, and the arguments of counsel for both parties at the hearing, as well the entire court docket. In this case, the Court takes issue with the repeated assertions and representations of Mr. Kivlan's counsel that the email address of Mr. Kivlan is his personal email address or account. The email address or account at issue is not Mr. Kivlan's personal email address or account. Rather, it is very clearly Dynatemp's email address and account that Mr. Kivlan, the former CEO and owner of Dynatemp, continues to use since he retired from Dynatemp. The fact that Mr. Kivlan uses the email address and account of Dynatemp for personal matters post-retirement does not convert it into a personal email address or account. The Court will next turn to the issue of whether transfer is appropriate here.

As an initial matter, "[t]he issue of whether to transfer a motion to quash a subpoena to the court having jurisdiction over the underlying case is a non-dispositive matter." *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021); *Edwards v. Maxwell*, No. 16-61262-MC-GOODMAN, 2016 WL 7413505, at *1 (S.D. Fla. Dec. 22, 2016). The Undersigned has full authority to enter this Order, and the Court finds that there is no jurisdictional bar to the transfer of this matter to the United States District Court for the Eastern District of North Carolina.

Next, Federal Rule of Civil Procedure 45 requires subpoena-related motions to be filed in the district where compliance with the subpoena is required. Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A); *Morrissey v. Subaru of Am., Inc.*, No. 1:15-cv-21106, 2015 WL 9583278, at *3 (S.D. Fla. Dec. 31, 2015). Where compliance is disputed, however, Rule 45(f) permits the court to transfer a subpoena-related motion to the issuing court for adjudication where "the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Federal Rule of Civil Procedure 45(f) states as follows:

3

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f).

Although Rule 45(f) does not define "exceptional circumstances", the Advisory Committee Notes to the 2013 amendments provide two examples of situations in which transfer due to exceptional circumstances is appropriate: (1) when the issuing court has already ruled on issues presented by the motion, and (2) when the same discovery issues are likely to arise in many districts. *The Dispatch Printing Co. v. Zuckerman*, No. 16-CV-80037-BLOOM/VALLE, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016); *see also Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) ("Specifically, the authority to transfer subpoena-related motions under Rule 45(f) broadly applies to all motions under this rule, including motions for a privilege determination.") (quotation marks omitted). Courts "should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *In re UBS Fin. Servs., Inc. Secs. Litig.*, 2015 WL 4148857, at *1 (D.D.C. July 9, 2015) (quoting *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 47 (D.D.C. 2014) (internal quotations omitted)); *see also Hernandez v. Ocwen Loan Servicing, LLC*, No. 17-80525-CV, 2018 WL 2298348, at *2 (S.D. Fla. May 21, 2018). "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch*, 307

4

F.R.D. at 34. The Undersigned has carefully considered all these relevant factors.

Here, Mr. Kivlan and Dynatemp International, Inc., consent to transfer. Furthermore, the underlying case has been pending in the Eastern District of North Carolina since 2020 and has over 460 docket entries. The parties have filed a significant number of discovery related motions and continue to file them in the Eastern District of North Carolina. There is currently no discovery cutoff date in the North Carolina case. Based on these facts, the Court in the Eastern District of North Carolina has greater institutional knowledge regarding this case.

Even more importantly, with regard to the Motion currently before the Undersigned, the parties have repeatedly argued that the Undersigned cannot resolve the issues without considering the email protocol agreement the parties reached in the underlying litigation. While the email protocol agreement may be somewhat informal in that it has never been approved by the Court in the Eastern District of North Carolina, it is also very clear that the Court in that District would have to enforce the email protocol agreement if it became necessary to do so. Thus, there is a significant risk of inconsistent discovery rulings here and a clear benefit to judicial economy and efficiency if Defendants' Motion is transferred.

The Court in the Eastern District of North Carolina is better positioned to determine the pending discovery dispute involving the subpoena to Mr. Kivlan. In fact, Dynatemp, who is not even a party to the subpoena at issue in the Southern District of Florida, but is a party in the underlying action, has now inserted itself into the proceeding before the Undersigned. Additionally, the Undersigned has contacted and spoken with the Honorable Robert T. Numbers, II, United States Magistrate Judge in the Eastern District of North Carolina, who has no objection to the transfer of this matter and agrees that the transfer would be prudent in light of the pending

discovery disputes in the underlying litigation.

Clearly, exceptional circumstances exist here, and they outweigh the minimal interests, if any, that Defendants have in litigating their Motion in this District. Further, there is no burden or prejudice to Defendants to have the Eastern District of North Carolina resolve this matter upon transfer. The Court rejects Defendants' argument that transferring the Motion would be wasteful of Defendants' resources. This case has been pending for over four years, and a review of the docket shows that the parties have spent considerable resources contesting discovery and other issues, so it is illogical that a transfer will somehow hold the case up or require the expenditure of unreasonable legal fees. Additionally, Defendants have already completed their briefing on the discovery dispute, which they can re-assert in the Eastern District of North Carolina. For these reasons, the Court need not examine the Motion on the merits and will leave the resolution of the Motion to the Court in the Eastern District of North Carolina

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion [DE 1] presents exceptional circumstances that warrant its transfer. As such, the Clerk of Court is DIRECTED to transfer the Motion [DE 1] to the Eastern District of North Carolina, *Dynatemp Int'l, Inc., et al., v. R421A LLC, et al.*, Case No. 5:20-CV-142-FL.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of December 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge

6